Common Pleas Court of Franklin County.

JAMES M. BUTLER v. GEORGE J. KARB, MAYOR OF THE CITY OF COLUMBUS, OHIO, ET AL.

Decided, December, 1914.

*Administrative Functions of Municipalities—Utilities Operated by, Not Necessarily Self-Sustaining—Service Sometimes Rendered to Citizens Without Charge, and Sometimes at a Charge which is Less than Cost—Whether Light and Power Shall be Furnished for Less than Cost Not a Question for the Courts—"Furnishing" Distinguished from "Selling"—Discrimination Not a Matter of Which a Tax-Paper May Complain—Section 3618.*

1. It is not a misapplication of public funds, or an abuse of corporate power, or an execution and performance of contracts in contravention of the laws governing Ohio municipalities, for a city to furnish electric current for light and power at prices which do not make the plant self-sustaining; and it is not within the province of a court to interfere with such an enterprise on the ground that the city is thereby losing money.

2. A municipality can not discriminate in the service of whatever kind which it furnishes to its citizens; but inasmuch as discrimination in rates for light and power can in no wise affect the plaintiff in his capacity as a tax-payer, the allegation in this case as to such discrimination can not be considered.

*James M. Butler* and *Max Goldsmith,* for plaintiff.

*Henry L. Scarlett,* City Solicitor, and *Wilbur E. Benoy,* Assistant City Solicitor, contra.

The matter is heard upon demurrer to the petition and amendment thereto. The pleadings present two main questions for consideration, as follows:

I.　Current is furnished private consumers at less than cost.

II.　The discrimination in private consumption.

The former question naturally divides itself for consideration into three parts, as follows:

(*a*)　The electric lighting plant of the city of Columbus is operated in its proprietary capacity as distinguished from its governmental capacity. Pond on Public Utilities, Section 5, 9;

City of Henderson v. Young, 83 S. W., (Ky.), 1904); Pikes Peak Power Co. v. Colo. Springs, 105 Fed., 1.

(*b*) The director of public service, upon whom is conferred the authority and power of managing that public utility, is an officer invested by legislative authority with discretion in the making of such contracts, and this discretion is not to be interfered with by the courts, unless gross abuse or fraud, or their equivalent, is shown. Section 3618, G. C.; Section 3939, Subdivision 12; Section 3994, G. C.; Section 4326, G. C.; Section 4403, G. C.; Pond on Public Utilities, Section 11; Roberts v. City of Columbus, 15 N.P.(N.S.), 297; 15 Am. & Eng. Enc. of Law, page 1046; 22 Cyc., 889; 28 Cyc., 1744; Crawfordsville v. Braden 14 L. R. A., 268 (Ind., 1891); Water Works v. San Francisco, 6 L. R. A., 756; Twitchell v. Spokane, 24 L. R. A. (N.S.), 290 (Wash., 1909); Coppin v. Herman, 7 N. P., 6 and 528; Hubbard v. Norton, 28 O. S., 133; Columbus v. Board of Public Safety, 14 O.D.N.P., 715; State v. Herman, 63 O. S., 440; State v. Board, etc., 81 O. S., 218; City of Detroit v. Hosmer, 79 Mich., 384; Richmond Safety Gate Co. v. Ashbridge, 116 Fed., 220 (1902); Seward v. Liberty, 142 Ind., 551 (1895); Wells v. Atlanta, 43 Ga., 67 (1895); Talcott v. Buffalo, 125 N. Y., 280; Dailey v. New Haven, 60 Conn., 314; Avery v. Job, 25 Oregon, 512 (1894); Conner v. City, 107 N. W., 639 (Wisc., 1906); Johnson v. Cincinnati, 11 O. D. N. P., 383 (1890); Joyce on Electric Law, Section 220; Joyce on Injunctions, Section 1277; Dillon on Municipal Corporations, Section 1489 (5th Edition).

(*c*) The petition and amendment do not aver facts demonstrating that the defendants have abused the discretion conferred upon them by law. The pleadings do not charge the defendants with fraud or manifest oppression, nor does it charge the defendants with gross abuse of the discretion vested in them, or charge facts tantamount to fraud. A motion was made to make the pleadings definite and certain by amendment. Section 11370, G. C.; Railroad Co. v. Kistler, 66 Ohio, 326.

A demurrer to a pleading admits the facts well pleaded therein, but it does not admit conclusions. Railway Co. v. Moore, 33 O. S., 384; Peterson v. Roach, 32 O. S., 374; Dayton v. Har-

mon, 12 C. D., 574; nor does it admit facts contrary to the court's judicial knowledge. Phillips on Code Pleading, Section 302; Bates Pleading and Practice, pages 425,-428.

A motion to a pleading having been made and overruled, the common law rule of pleading that the pleadings should be con-strued most strongly against the party pleading prevails. Stew-art v. Balderston, 10 Kansas, 131.

The record presents a case in harmony with the reasoning of Power Company v. Colorado Springs, 105 Federal, 1; Mayor v. Water Works Company, 202 U. S., 453, 470.

As to the second question, to-wit, discrimination in private con-sumption, the plaintiff is not the proper party to make complaint. 29 Am. & Eng. Enc. of Law, page 19; Gas Co. v. State, ex rel, 57 L. R. A., 761, 762.

The action is brought by a tax-payer on behalf of the city of Columbus and not on behalf of any person or class of persons against whom discrimination is shown either in the matter of rates or the matter of service.

The individual discriminated against is the proper party to make complaint. Pond on Public Utilities, Section 214; Tele-phone Co. v. State, 118 Ind., 194; Wagner v. City of Rock Island, 146 Ill., 139; 21 L. R. A., 519; Hatch v. Consumers Co., 40 L. R. A., (N.S.), 263; C., H. & D. R. R. Co. v. Bowling Green, 57 O. S., 336.

ROGERS, J.

The case is here on a general demurrer to the petition and amendment thereto. A demurrer was sustained to the original petition (ante) and by the amendment it is sought to cure the defects in the petition.

There are two main contentions made in support of the peti-tion and amendment by plaintiff's counsel, namely: (1) that the city of Columbus, by reason of the sale of current from its electric light plant to private consumers at less than cost is operating its plant at a loss, which loss must be paid by the tax-payers; and (2) that in the sale of such current there is no uniformity or classification of prices among customers. The operation of the plant by the city officials, under these condi-

tions, it is claimed, is such a gross and manifest abuse of their discretionary powers and such a disregard of the rights of the tax-payers as amount to fraud upon them, entitling plaintiff as a tax-payer to an injunction.

The statute under favor of which the case is brought provides in substance for an injunction in case of misapplication of the funds of the corporation, or abuse of its corporate powers, or the execution or performance of a contract made in behalf of the corporation in contravention of the laws governing it, or which is procured by fraud or corruption. Hence if the facts pleaded show that the corporate funds are being misapplied or its corporate powers are being abused, or that it has executed or is performing contracts in contravention of the laws governing the corporation, or which were procured by fraud or corruption, a sufficient case is made in the petition and amendment as against a general demurrer.

The allegations relative to sales of current for less than cost are, in substance, these:

"That the prices charged by said city for said current sold to said numerous private consumers as in said petition recited are very substantially less than not only either the proportionate fair, just, reasonable, equitable or actual cost of generating said current and distributing the same but also either the proportionate, fair, just, reasonable, equitable or actual part of the interest on the bonds previously issued and the money used for the purpose of building, equipping and enlarging said plant; that under any just, fair or equitable method, system or schedule known to or used by either municipalities or private persons or recognized or permitted by law, the said prices charged by the said city for said current to said private consumers are far below any just, equitable, reasonable or actual, or any, cost of production or distribution, even considering all the circumstances under which the said plant furnishes both street and municipal and private light and current and without any regard to any profits of any kind and considering also any alleged advantage that may accrue to the said city because of its sale of current to private consumers; that said current sold as aforesaid has never at any time been sold at any profit to the said city; that on the contrary the said sale of said current has at all times entailed a clear, direct and positive loss upon said city;"

\*    \*    \*    ''that said current, as in the petition averred, has for a long time been sold, and still is sold, at rates and prices less than any possible cost of production and transmission, and without any regard to any profit, and less than either the proper, fair or actual cost of the same when due and proper distribution of the cost of current is made between that used for street lighting and municipal purposes and that used for private consumers.''

After a careful study of the pleadings and briefs of counsel I am unable to reach the conclusion that the foregoing allegations taken in connection with the other allegations of the pleadings make a case for injunctive relief, either on the ground of misapplication of corporate funds, or abuse of corporate powers, or the execution or performance of contracts in contravention of the laws governing the city, or through fraudulent or corrupt procurement. The right of the city to furnish electric current to private consumers is conferred by statute, wherein it grants the power to establish, maintain, and operate municipal lighting, power and heating plants, and to furnish the municipality and the inhabitants thereof with light, power and heat, and to procure everything necessary therefor (Section 3618, G. C.). And in the exercise of this power the city is exercising an administrative function. It is fundamental that in the exercise of such duty courts will not interfere unless the discretion of the officials is so grossly and manifestly abused as to amount to a fraud upon the tax-payers and a disregard of their rights.

The position of counsel for the plaintiff appears to be that the city has no right to furnish electric current to its inhabitants, so long as the city is not able to produce the current at the price at which it is being sold, taking into consideration the expense of generation, the interest on the bonds, the money invested, and the like, as well as all the other advantages to the city by selling current to its citizens. Apparently the theory of plaintiff's counsel is that whatever service the city renders to one of its private citizens it must be remunerative at least to an amount equal to the cost of the service. In other words, the service must be self-sustaining; otherwise it can not be rendered by the city to the individual.

I do not understand that this is the theory upon which the various public utilities of a municipality are operated by it, such as the water works, lighting and power plants, gas plants, garbage and refuse disposal plants, the removal of ashes and other refuse from the residences of its citizens and the like.

The statute granting the authority to cities to furnish light and power to its inhabitants does not confer power on the city to sell electric light or power to the inhabitants, but confers power to furnish such light and power. Whether such light and power may be furnished above, at or below cost or even free to the inhabitants, does not appear by the express language of the statute; hence if counsels' contention is correct, the words ''to furnish'' must be construed to mean to sell, and then only at or above the cost of production, etc. I am unable to give the words ''to furnish'' that construction. The city is given power to furnish its citizens electric light and power, and it is left with the city to fix the terms upon which such light and power may be furnished. If the city sees fit to furnish light and power to its inhabitants at less than cost, I see nothing in the statute to prohibit the city through its officials from exercising its discretion to that end. If plaintiff's contention were correct, that in the sale of electric current to the inhabitants there must be no loss to the city, and that the sale price must at least equal the entire cost of production, a municipal plant might never be able to furnish its citizens with electric light or power. Of necessity every municipal plant of this character must start with a few customers; yet as a matter of economy must make preparation in the way of lands, buildings, installation of machinery, wiring, poles and the like, for probable future increase of business and custom. On the other hand, if the power conferred by the statute upon the city to furnish electric light and power to its inhabitants is construed to mean authority to sell at such prices as the city may determine, the city in the exercise of its proprietary functions is put in a position to operate the plant as business men would engage in a like enterprise. As a matter of economy business men would probably build their plant, not alone to supply present needs, but in anticipation of probable

future demands, with the view that the future returns on the investment on account of increasing business would make up for any present losses.

The statutory authority of cities to furnish electricity, light and power to the inhabitants is found in the general enumeration of powers recited in the statutes, and these powers include the power to maintain police and fire departments; to provide for a supply of water; to establish, maintain and regulate free public band concerts, and free public libraries; to provide for the renting of free public hospitals; to provide for the collection and disposal of sewage, garbage, ashes and animal and vegetable refuse, etc. For the use and benefit of its citizens the city charges them for some of the benefits above mentioned which the city has power to furnish, and for others it makes no charge whatever, as for example, the removal of garbage, ashes, and refuse matter and the extinguishment of fires.

As it appears to me so far as the city has the power to and is furnishing a part of its inhabitants electric current who are willing to pay the price therefor, it is not within the province of the court to interfere with the prices at which the city is disposing of its electric current, merely on the ground that the city thereby is losing money. His Honor, Judge Bigger, in the former opinion on the demurrer to the petition has so completely covered the subject that it appears to me it is unnecessary for me to elaborate upon this feature of the case further.

A further contention is that the prices charged for the electric current are not uniform under the same or like condition and are discriminatory among the city's customers. I am inclined to the opinion that the pleadings show a wrong in this respect, that is in need of a remedy. That a city through its officials can not discriminate in furnishing service of any kind to its citizens but must act impartially in furnishing such service, appears to be fundamental. However, is the plaintiff a proper party to make complaint? The discrimination in rates charged and paid for the electric current in no wise appears to affect the plaintiff as a tax-payer. In other words, it is not shown that his taxes would be less if there were no discrimination in rates, or in fact would

be affected either way; nor does it appear that he has sought to have the city furnish him service at a reasonable rate; and it has been refused, although the city is furnishing like service to others on more favorable terms.   In this view of the case I am of the opinion that the plaintiff does not allege sufficient facts in the respect just mentioned to entitle him to injunctive relief.

Having found against the plaintiff upon the two main points, namely, the sale of current below cost, and the discrimination among customers, the court has not gone further into the petition and amendment thereto, as these two points appear to have been the ones relied upon by plaintiff's counsel.   The demurrer to the petition and amendment is accordingly sustained.   Exception.